IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


NATIONAL CREDIT UNION
ADMINISTRATION BOARD,

        Plaintiff,
  vs.                       **Case No. 11-2340-RDR**

RBS SECURITIES, INC., et al.,

        Defendants.

---

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,

  vs.                       **Case No. 11-2649-JAR**

WACHOVIA CAPITAL MARKETS, LLC,

        Defendant.

---

## MEMORANDUM AND ORDER

These consolidated cases are before the court upon the motion of defendant Nomura Home Equity Loan, Inc. ("Nomura") to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Doc. No. 115. This motion is joined in by five of the ten defendants listed in the amended complaint in Case No. 11-2340: NovaStar Mortgage Funding Corporation, Financial Asset Securities Corporation, RBS Securities, Inc., Greenwich Capital Acceptance, Inc., and Wachovia Mortgage Loan Trust, LLC. Defendant Wachovia Capital Markets, LLC has also joined in the motion for purposes of Case No. 11-2649. Defendants seek to appeal this court's July 25, 2012 order which granted in part and denied in part defendants' motions to dismiss

in both cases.  Doc. No. 112.

Background

These cases allege violations of federal and state securities statutes in connection with the underwriting and sale of residential mortgage-backed securities.  There are 29 securities certificates involved in Case No. 11-2340.  There are five securities certificates involved in Case No. 11-2649.  The certificates were purchased by two large corporate credit unions which subsequently failed.

Plaintiff in both cases is acting as a liquidating agent of the credit unions.  The motions to dismiss decided by the court were filed on behalf of most of the defendants in Case No. 11-2340 and by the only defendant in Case No. 11-2649.  The motions raised several issues.  Among those issues was whether plaintiff's claims were timely filed.  Defendants argued in part that plaintiff's claims under § 11 and § 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77l(a)(2), are barred by the statute of repose provisions contained in § 13 of the Securities Act, 15 U.S.C. § 77m.  Section 13 states that in no event shall a § 11 claim be brought more than three years after the security is offered to the public and that a § 12(a)(2) claim may not be brought more than three years after the sale of the security.

It is undisputed that the certificates at issue were offered and sold more than three years before these cases were filed.  But,

plaintiff has asserted that its claims are timely filed because the three-year time limit set forth in the Securities Act is extended by the provisions of 12 U.S.C. § 1787(b)(14)(A) (the "extender statute") which allows plaintiff additional time from the date it is appointed as liquidator to bring claims in that capacity. Plaintiff has also claimed that the running of the relevant filing periods as to some, but not all, of the certificates was tolled under the American Pipe doctrine. Defendants argued in their motions to dismiss that the extender statute does not apply to the three-year statute of repose provisions in § 13. Defendants also argued that the extender statute does not apply to federal and state statutory claims; rather, just state contract and tort claims.

The court ruled that the extender statute applied to the three-year repose period set forth in § 13 and that the extender statute applied to federal and state statutory claims. These rulings made it unnecessary for the court to decide any issue regarding the application of the American Pipe doctrine.

Pursuant to 28 U.S.C. § 1292(b), defendants wish to proceed with an interlocutory appeal of the court's rulings regarding the application of the extender statute. Specifically, defendants ask that the court certify an appeal of its rulings that the extender statute applies to a statute of repose and that the extender statute applies to statutory causes of action. Defendant Nomura

wishes to appeal the issue of whether the extender statute applies to a federal statutory cause of action. Defendant RBS has asked to appeal whether the extender statute applies to federal and state statutory claims.

As stated, Case No. 11-2340 involves the purchase of 29 mortgage-backed security certificates. Case No. 11-2649 involves 5 mortgage-backed security certificates. There are state and federal statutory claims against one defendant (RBS Securities, Inc.) in Case No. 11-2340, and the remaining defendants have only federal statutory claims against them. The single defendant in Case No. 11-2649 is defending against state and federal statutory claims. According to plaintiff's response to the motion for certification, state law claims involve 24 of the 29 certificates in Case No. 11-2340 and 2 of the 5 certificates in Case No. 11-2649. Plaintiff further contends under the <u>American Pipe</u> doctrine that the federal claims involving 11 of the 29 certificates in Case No. 11-2340 and 3 of the 5 certificates in Case No. 11-2649 are timely, regardless of any decision on the matters suggested for interlocutory appeal.

<u>Relevant factors</u>

Under § 1292(b), "[w]hen a district judge . . . shall be of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance

the ultimate termination of the litigation," the court may so certify and allow the Court of Appeals to exercise its discretion as to whether to consider an interlocutory appeal. So, the court should focus upon three elements in determining whether to grant defendants' motion: 1) whether the order involves a controlling question of law; 2) whether there is a substantial ground for difference of opinion as to that question; and 3) whether an immediate appeal to determine the issue may materially advance the ultimate termination of the litigation.

### Controlling question of law

Plaintiff does not directly dispute that the questions defendants seek to appeal involve controlling questions of law. Plaintiff, however, does assert that an appellate decision would not materially advance this litigation. This is a related matter. See In re 650 Fifth Avenue, 2012 WL 363118 *2 (S.D.N.Y. 2/2/2012); Grimes v. Cirrus Industries, Inc., 2010 WL 2541664 *2 (W.D.Okla. 6/18/2010); 16 Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE § 3930 at p. 426 (1996) (suggesting that an issue is controlling if interlocutory reversal might save time for the district court and time and expense for the litigants). The court believes the issues defendants seek to appeal are controlling questions of law because, as explained in more detail later in this opinion, they control whether plaintiff may proceed with claims involving many of the certificates which are part of this

litigation.

### Substantial ground for difference of opinion

The court believes there are substantial grounds for a difference of opinion as to the issues defendants wish to certify for appeal. As defendant Nomura notes, the only other district court to address the application of the same extender statute has reached a different result than this court. There is no circuit court authority regarding this extender statute or any similar extender statute in this situation. A district court construing a similar extender statute in a similar situation has certified its ruling for an interlocutory appeal. FHFA v. UBS Americas, Inc., 2012 WL 1570856 *25-26 (S.D.N.Y. 6/19/2012). Finally, while the court rejected defendants' arguments, the court did not find the arguments to be implausible or without force. See Rural Water Dist. No. 4 v. City of Eudora, 2012 Wl 2339743 *10 (D.Kan. 6/19/2012) (finding "substantial ground for difference of opinion" where colorable arguments were made based on an alternative construction of the rules regarding retroactivity of statutes and other matters).

### Materially advance the ultimate termination of the litigation

Defendant Nomura states that "there are 12 defendants, more than 30 securities and hundreds of millions of dollars at issue . . . [g]iven the stakes and complexities of this case, discovery and trial of this action will likely be protracted, burdensome and

expensive." Doc. No. 116, p. 14.  Defendant Nomura further asserts that a decision upon the extender statutes issues "could significantly streamline the litigation and conserve the valuable resources of the parties, the Court and the public."  Id. at 15. It is noted that a decision might also streamline the litigation in NCUA Board v. J.P. Morgan Securities LLC, Case No. 11-2341-EFM, which raises similar claims and issues.  The court would add NCUA Board v. UBS Securities, LLC, Case No. 12-2591-KHV as another case in this district which may have similar claims and issues, although no motions have been filed in that case.

   Plaintiff contends that these alleged streamlining benefits are not real because plaintiff's state law claims would continue regardless of the rulings on appeal and that these claims involve 24 of the 29 certificates in Case No. 11-2340 and 2 of the 5 certificates in Case No. 11-2649.  Plaintiff further argues that the state law claims in this litigation (which are not dependent upon extender statute) distinguish these cases from the FHFA opinion where the court certified an interlocutory appeal.  In addition, as mentioned before, plaintiff asserts that it is the law of the Tenth Circuit that the American Pipe doctrine tolls the statute of repose in § 13 which would save plaintiff's federal claims as to 14 of the 34 certificates in the two consolidated cases, regardless of an appellate decision upon the extender statute issues.

7

In reply, defendant Nomura argues that even with <u>American Pipe</u> tolling, claims as to seven defendants would be dismissed if defendants' extender statute arguments prevail on appeal. Doc. No. 124, p. 10 n.4. It should be noted that one of those defendants has been dismissed (Saxon Asset Securities Co.), one has never participated in this case (Lares Asset Securitization, Inc.), one is subject to a bankruptcy stay (Residential Funding Mortgage Securities II, Inc.), and one was dismissed by this court on the basis of other statute of limitations arguments (Fremont Mortgage Securities Corporation). Of course, Fremont's dismissal may be subject to appeal.

After consideration of the authorities cited by all of the parties, the court finds that an appeal of the issues pressed by defendants may materially advance the ultimate termination of what appears to be expensive and complex litigation. Depending upon the decision of the extender statute issues, seven defendants, three of whom are actively participating in this case, may be dismissed or have additional grounds for dismissal which might negate an appeal. Federal claims involving a majority of the certificates in these cases may be dismissed, and there would be no claims remaining as to 8 of the 34 certificates involved in this litigation if defendants prevail on appeal. As in <u>FHFA v. UBS Americas, Inc.</u>, 2012 WL 1570856 at * 28, a decision by the Tenth Circuit upon the extender statute issues described herein might significantly narrow

8

the scope of discovery and the proof that the parties would present at trial.  The decision may also shorten proceedings in other litigation filed in this district.

Conclusion

To summarize and conclude, the court finds after considering the factors set out in § 1292(b) that it is appropriate to certify an appeal of the extender statute issues set forth in defendant Nomura's motion to certify.  As noted, defendant RBS has asked in cursory fashion that the court certify for appeal the question of whether the extender statute applies to state statutory claims.  The court believes this would serve efficiency and economy and notes that the Tenth Circuit, if it accepts the appeal, will have the discretion to decide any issue reasonably bound up in the court's July 25, 2012 order.  See Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 205 (1996); 16 Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE § 3929 at 388 (1996).  So, the court shall certify that issue for appeal as well.

The motion to certify by Nomura as joined by the other defendants shall be granted.  The court shall certify for appeal the issues of whether the extender statute described in the court's order dated July 25, 2012 applies to the three-year time limitation (statute of repose) contained in § 77m and whether the extender statute applies to federal and state statutory claims.

**IT IS SO ORDERED.**

9

Dated this 19th day of September, 2012 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge