IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, )
 )
    Plaintiff, )
 )
v. ) Case No. 11-2340-JWL
 ) (Consolidated with
RBS SECURITIES, INC., et al., ) Case No. 11-2649-JWL)
 )
    Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by defendants RBS Securities Inc., RBS Acceptance Inc., and Financial Assets Securities Corp. (collectively "RBS") to modify the Master Discovery Protocol (Doc. # 329), in which defendant Nomura Home Equity Loan, Inc. ("Nomura") joined (Doc. # 331). For the reasons set forth below, the motion is **denied**.

1.    On April 10, 2014, after considering written submissions and oral argument, this Court issued a Master Discovery Protocol order ("the MDP") that was filed in this case (Doc. # 314) and in the related cases in this district brought by plaintiff. The MDP was also filed in similar cases pending in the Southern District of New York and the Central District of California, and it was signed by the undersigned and Magistrate Judge O'Hara of this Court, Judge Cote of the New York court, and Judge

Wu of the California court. The MDP provided that it would serve as the discovery protocol in all of the actions in the three courts and that any party could seek leave to deviate from its provisions upon a showing of good cause. The MDP also provided for a Coordination Judge, as follows:

> To avoid unnecessary conflicts and inconsistencies in the rulings in the Actions, Judge Cote is designated as the "Coordination Judge" for all Actions. All discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter, with copies simultaneously provided to the other three Judges. Following consultation with Judges Lungstrum and/or O'Hara, and Judge Wu, the Coordination Judge will endeavor to respond promptly.
>
> . . . The discovery parameters and limitations set forth in the ruling by the Coordination Judge on the application or dispute will be given effect in all Actions, unless the ruling indicates otherwise.

By their present motion, defendants request that the Court "strike the 'Coordination Judge' provisions from the [MDP] and hold that any discovery disputes arising in this matter will be resolved by this Court, according to the Rules of Practice of this District, the laws of this District, and the rules of this Court."

2. Defendants argue that because these cases were not transferred as part of a multi-district litigation, and because other statutory procedures allowing for the assignment of judges to other districts were not followed here, there is no legal authority that would allow Judge Cote or any other judge from another district to rule on disputes and issue binding orders in cases pending in this Court, which rulings would violate principles of jurisdiction. The Court rejects this argument, however, because it is based on a mistaken premise. In fact, this Court does not understand or intend the MDP to

2

provide for rulings by Judge Cote that are binding in the Kansas cases. The MDP expressly requires Judge Cote to consult with a judge from this district on any discovery dispute. To the extent that an issue affects or applies to a Kansas case, it will be decided by a Kansas judge (after consultation in accordance with the MDP's procedure), and no order will be effective in the Kansas cases unless it is signed by a Kansas judge and filed in this Court. Defendants' concerns about majority rule among the judges are unfounded—if this Court's judges do not agree with their colleagues from California and New York with respect to a particular dispute, or if the law applicable in the Kansas cases dictates a different result, then the dispute will have a different outcome in these cases, which will be reflected in the Court's resulting order. Indeed, the parties remain free in any dispute to argue that particular circumstances dictate a different result in this Court than in the other courts. Thus, because the Coordination Judge provisions in the MDP will not be used to allow another court's judge to decide disputes and issue orders in this case, the Court rejects this basis for striking the Coordination Judge provisions from the MDP.[1]

3. Defendants also argue that the MDP's Coordination Judge provisions violate Fed. R. Civ. P. 77(b), which states that "no hearing—other than one ex

---

[1] Although the judges of this Court did consult and decide how the issues would be resolved for purposes of the Kansas cases, did authorize Orders to be issued bearing this Court's caption and listing the names of the judges of this Court, and did cause the resulting orders to be filed in this Court, in a few recent instances the signature of a Kansas judge was inadvertently omitted from the orders. The Court will issue orders *nunc pro tunc* to give those unsigned orders effect in the Kansas cases.

3

parte—may be conducted outside the district unless all the affected parties consent." *See id.* Again, however, defendants' argument is based on the mistaken premise that Judge Cote would be making the rulings in the Kansas cases. The MDP requires that any written arguments be submitted also to the judges in Kansas, who will then issue any rulings from this district. In addition, in the event of an order filed here, the Court will also cause to be filed the parties written submissions on that issue. Any joint hearings that may fall within the scope of Rule 77(b)[2] may be conducted in this district as well, for instance by telephone or video conference. Because the MDP's Coordination Judge's provisions do not on their face violate Rule 77(b), there is no basis to strike them.

4. The Court also rejects defendants' argument that the MDP's Coordination Judge provisions violate this Court's local rules. Defendants have not explained how those provisions violate the local rules other than to complain about the MDP's provision for two-page letters. The rules of this Court, however, do not guarantee litigants a certain number of pages for arguing motions. Indeed, it common practice for courts to exercise their inherent authority to provide page limits for certain briefs. Moreover, the MDP expressly allows parties to seek leave to deviate from its terms for good cause, and

---

[2]Defendants have not addressed plaintiff's argument that Rule 77(b)'s requirement that "hearings" be held within the district would not apply to pretrial "conferences" at which discovery matters may be discussed and pending motions may be disposed of. *See* Fed. R. Civ. P. 16(c)(2) (listing possible matters for consideration at any pretrial "conference").

4

any party remains free to request additional pages for argument when necessary and appropriate.

5.  In its separate reply brief, Nomura appears also to argue generally against coordination of these cases in the different courts. First, defendants' original briefs discussed only the legal authority for the specific Coordination Judge dispute-resolution procedure and did not challenge coordination generally, and the Court ordinarily does not entertain arguments raised for the first time in a reply brief. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)). Moreover, the same concerns raised by Nomura would also be present with any coordination with cases to which Nomura is not a party, and even if the Kansas cases were not coordinated with the New York and California actions, there would be at least some coordination among the Kansas cases (as has already occurred). At any rate, as demonstrated by the entry of the MDP in the Kansas cases, the Court is persuaded that coordination among the three courts generally and the Coordination Judge provisions specifically make sense and will aid the just, speedy, and (relatively) inexpensive resolution of discovery disputes in these actions. Finally, in response to Nomura's specific concerns, the Court is dedicated to making sure that the interests of all parties are protected, and as noted above, any party remains free to request additional opportunities to make sure that its positions are fully litigated.

IT IS THEREFORE ORDERED BY THE COURT THAT the RBS defendants' motion to modify the Master Discovery Protocol (Doc. # 329), in which defendant Nomura joined (Doc. # 331), is hereby **denied**.

IT IS SO ORDERED.

Dated this 27th day of May, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
