```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION  :
BOARD, etc.,                          :
                    Plaintiff,        :    13cv6705 (DLC)
              -v-                     :    13cv6719 (DLC)
                                      :    13cv6721 (DLC)
MORGAN STANLEY & CO., et al.,         :    13cv6726 (DLC)
                                      :    13cv6727 (DLC)
                    Defendants.       :    13cv6731 (DLC)
                                      :    13cv6736 (DLC)
And other NCUA Actions.               :
------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/15
```

```
UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION  :
BOARD, etc.,                          :
                    Plaintiff,        :    11cv2340 (JWL)
              -v-                     :    11cv2649 (JWL)
                                      :    12cv2591 (JWL)
RBS SECURITIES, INC., f/k/a GREENWICH :    12cv2648 (JWL)
CAPITAL MARKETS, INC., et al.,        :    13cv2418 (JWL)
                                      :
                    Defendants.       :
                                      :
And other NCUA Actions.               :
------------------------------------X
```

```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
-----------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, etc.,                            :
                          Plaintiff,    :
            -v-                         :     11cv5887 (GW)
                                        :     11cv6521 (GW)
RBS SECURITIES, INC., f/k/a GREENWICH   :
CAPITAL MARKETS, INC., et al.,          :
                                        :     ORDER
                         Defendants.    :
                                        :
And other NCUA Actions.                 :
-----------------------------------X
```

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

A March 31, 2015 Order entered in these coordinated actions called for RBS, by April 10, to disclose to NCUA the loans other than the Sampled Loans that it "intends" to reunderwrite, to identify the securitizations from which they are drawn, and to state the purpose of the reunderwriting.  The March 31 Order further required that RBS, by May 16, provide notice of the specific loans that will be the subject of its affirmative expert reports, and explain the method it used for the selection of those loans.

In April 10 correspondence between counsel, RBS did not explicitly disclose any "intent" to engage in reunderwriting, and with the exception of the Harborview 2007-4 securitization, did not identify the specific loans or securitization for which

2

it might engage in reunderwriting.  Instead, RBS made three disclosures about the loans that it "may reunderwrite":

> First, RBS <u>may reunderwrite</u> the U.S. Central loans collateralizing the <u>Harborview 2007-4 securitization for purposes of determining if those loans comply with underwriting guidelines</u>. . . .
>
> Second, RBS <u>may reunderwrite</u> loans collateralizing certain of the securitizations at issue in these actions for purposes of a <u>due diligence</u> expert report(s).  The precise loans RBS may reunderwrite, and the precise securitizations those loans collateralize have not yet been determined. . . .
>
> Third, RBS <u>may reunderwrite</u> loans collateralizing certain of the securitizations at issue in these actions for purposes of a <u>loss causation</u> report(s).  The precise loans RBS may reunderwrite, and the precise securitizations those loans collateralize have not yet been determined. . . .

(Emphasis supplied.)

In a letter of April 15, NCUA requests that, with the exception of the identified loans in the Harborview 2007-4 securitization, RBS be precluded from reunderwriting any set of loans other than the Sampled Loans for purposes of an expert report.  By letter of April 19, RBS opposes NCUA's request.

RBS reports that it does not intend to reunderwrite loans in the New York Action (other than potentially those contained in the NCUA Sample), but may do so in the Kansas and California Actions.  It contends both that it did not violate the March 31 Order and that, even if it had, the requested relief is unwarranted.  RBS maintains that there is "no substantive

3

difference" between a statement concerning what RBS "may" do, and what RBS currently intends to do. RBS does not address its failure to identify the loans or securitizations for which the loss causation and due diligence reunderwriting may occur. Finally, RBS repeats its prior requests, each of which has been denied, to extend the time for filing rebuttal expert reports, arguing <u>inter alia</u> that no prejudice would accrue to NCUA since trial dates have not been set for the Kansas or California Actions and RBS will at some future time provide copies of loan files to NCUA if it possesses them.

To assist all parties, and to provide for the efficient management of this complex litigation, the April 9, 2014 MDP set a schedule for fact and expert discovery in these coordinated actions. It also advised the parties that conferences will be held in September 2015 to schedule trials in each of our actions. It provided two dates for the trials of the New York Actions, and dates by which the Kansas and California Actions will be completed.

Accepting RBS's explanation that it has disclosed to NCUA an "intent" to reunderwrite unidentified loans for purposes of either a due diligence or loss causation defense, but having determined that RBS violated the March 31 Order by failing to identify the loans and their securitizations, it is hereby

4

ORDERED that RBS shall, by May 1, disclose to NCUA the loans other than the NCUA Sample Loans and the loans within the Harborview 2007-4 securitization that it intends to reunderwrite, identify the securitizations from which they are drawn, and state the purpose of the reunderwriting.

IT IS FURTHER ORDERED that the March 31 Order's May 16 deadline for RBS to provide notice of the specific loans that will be the subject of its affirmative expert reports and to explain the method it used for the selection of those loans remains in effect.

IT IS FURTHER ORDERED that, should RBS fail to meet the May 1 or the May 16 deadlines, RBS shall be precluded from reunderwriting any set of loans other than the Sampled Loans or the Harborview 2007-4 loans for purposes of an expert report. The identification and collection of loan files is a difficult, expensive and time consuming process.  The defendants have had a year of notice of NCUA's samples.  NCUA is also entitled to notice of the specific loans that will be subject to any RBS reunderwriting project.  Among other things, NCUA must have sufficient time to permit it to designate a counter-sample should it choose to do so.  Moreover, NCUA is not required to rely only on any loan files that RBS may later produce to it as the best current representation of the originating loan file for any RBS sample loan.  Unless the parties make timely disclosures

to each other, this complex, coordinated litigation will be substantially delayed and made even more expensive to conduct.

IT IS FURTHER ORDERED that RBS's renewed request to alter the date for filing expert rebuttal reports is again denied. <u>See</u> January 15, 2015 Order.

IT IS FURTHER ORDERED that RBS's request for oral argument is denied as unnecessary to our Courts' resolution of the instant dispute.

Dated: <u>April 20, 2015</u>     <u>/s/ Denise Cote</u>
                                  United States District Judge

Dated: <u>April 20, 2015</u>     <u>/s/ George H. Wu</u>
                                  United States District Judge

Dated: <u>April 20, 2015</u>     <u>/s/ John W. Lungstrum</u>
                                  United States District Judge

Dated: <u>April 20, 2015</u>     <u>/s/ James P. O'Hara</u>
                                  United States Magistrate Judge