```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION  :
BOARD, etc.,                          :
                         Plaintiff,   :    13cv6705 (DLC)
                -v-                   :    13cv6719 (DLC)
                                      :    13cv6721 (DLC)
MORGAN STANLEY & CO., et al.,         :    13cv6726 (DLC)
                                      :    13cv6727 (DLC)
                         Defendants.  :    13cv6731 (DLC)
                                      :    13cv6736 (DLC)
And other NCUA Actions.               :
------------------------------------X

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION  :
BOARD, etc.,                          :
                         Plaintiff,   :    11cv2340 (JWL)
                -v-                   :    11cv2649 (JWL)
                                      :    12cv2591 (JWL)
RBS SECURITIES, INC., f/k/a GREENWICH :    12cv2648 (JWL)
CAPITAL MARKETS, INC., et al.,        :    13cv2418 (JWL)
                                      :
                         Defendants.  :
                                      :
And other NCUA Actions.               :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/15

```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
-----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION      :
BOARD, etc.,                              :
                      Plaintiff,          :
            -v-                           :        11cv5887 (GW)
                                          :        11cv6521 (GW)
RBS SECURITIES, INC., f/k/a GREENWICH     :
CAPITAL MARKETS, INC., et al.,            :
                                          :        ORDER
                      Defendants.         :
                                          :
And other NCUA Actions.                   :
-----------------------------------------X
```

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

On May 8, 2015, NCUA submitted a letter concerning Goldman Sachs & Co.'s ("Goldman") interpretation of § 10(d) of the Master Discovery Protocol ("MDP") entered in these coordinated actions. Section 10(d) provides:

> All parties shall produce the transcripts of testimony and affidavits/affirmations, including all exhibits, from any and all RMBS matters . . . in which it or one of its officers or employees was a party. The testimony shall be treated as if taken in the Actions. The parties shall endeavor to not subject witnesses to the same questioning for which a transcript was previously provided.

NCUA attached to its May 8 letter the transcript of its May 7, 2015 deposition of Brian O'Brien ("O'Brien"), who at one time was the Chief Underwriter in Goldman's due diligence department. The transcript reveals that Goldman's counsel instructed the witness not to answer questions for extended periods while they

2

reviewed prior deposition transcripts that they had produced under § 10(d) to see if the question had been previously asked. Sometimes, this delay would be followed with an instruction not to answer the question at all.

Goldman's counsel also made extended comments on the record accusing NCUA's counsel of flouting § 10(d). Similarly, Goldman's counsel made numerous speaking objections that had the effect of coaching the witness.

NCUA's May 8 letter requests that Goldman be required to re-produce O'Brien to complete his deposition without disruptions, instructions not to answer, or speaking objections. Goldman submitted a responsive letter on May 12, 2015, explaining that O'Brien will return voluntarily to complete his deposition.

Pursuant to Fed. R. Civ. P. 30(c)(2), "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner.  A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

Section 10(d) of the MDP requires the parties to endeavor to avoid duplicative questioning, but, for purposes of Fed. R. Civ. P. 30(c)(2), it is not "a limitation ordered by the court"

sufficient to permit counsel in these actions to instruct a deponent not to answer.  Accordingly, it is hereby

ORDERED that in depositions in these coordinated actions there shall be no speaking objections, no coaching of a witness, no instructing a witness to wait while material produced pursuant to § 10(d) is consulted, and no instructing a witness not to answer (except as provided in Fed. R. Civ. P. 30(c)(2)).

IT IS FURTHER ORDERED that the parties shall confer and attempt to reach agreement on the ground rules for questioning a deponent about a document that was the subject of testimony in that witness's prior deposition(s).

IT IS FURTHER ORDERED that, during a deposition, should a dispute arise that requires immediate court intervention, the parties may contact the Chambers of Magistrate Judge O'Hara, (913) 735-2280, and, in his absence, the Chambers of Judge Cote, (212) 805-0202, for resolution of the dispute.

Dated: May 13, 2015          /s/ Denise Cote
                                 United States District Judge


Dated: May 13, 2015          /s/ George H. Wu
                                 United States District Judge


Dated: May 13, 2015          /s/ John W. Lungstrum
                                 United States District Judge


Dated: May 13, 2015          /s/ James P. O'Hara
                                 United States Magistrate Judge