```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION       :
BOARD, etc.,                               :
                        Plaintiff,         :   13cv6705 (DLC)
            -v-                            :   13cv6719 (DLC)
                                           :   13cv6721 (DLC)
MORGAN STANLEY & CO., et al.,              :   13cv6726 (DLC)
                                           :   13cv6727 (DLC)
                        Defendants.        :   13cv6731 (DLC)
                                           :   13cv6736 (DLC)
And other NCUA Actions.                    :
------------------------------------------X


UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
------------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION       :
BOARD, etc.,                               :
                        Plaintiff,         :   11cv2340 (JWL)
            -v-                            :   11cv2649 (JWL)
                                           :   12cv2591 (JWL)
RBS SECURITIES, INC., f/k/a GREENWICH      :   12cv2631 (JWL)
CAPITAL MARKETS, INC., et al.,             :   12cv2648 (JWL)
                                           :   13cv2418 (JWL)
                        Defendants.        :
                                           :
And other NCUA Actions.                    :
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/16/15__

```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
-----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION      :
BOARD, etc.,                              :
                        Plaintiff,        :
           -v-                            :
                                          :     11cv5887 (GW)
RBS SECURITIES, INC., f/k/a GREENWICH     :     11cv6521 (GW)
CAPITAL MARKETS, INC., et al.,            :
                                          :
                        Defendants.       :     ORDER
                                          :
And other NCUA Actions.                   :
-----------------------------------------X
```

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

On May 11, 2015, former RBS employee James Whittemore ("Whittemore") filed in the Northern District of Illinois a motion to quash a deposition subpoena. In the alternative, Whittemore sought a protective order requiring prior notice of the "topics" on which NCUA intends to examine him, and a limitation of topics to be discussed at the deposition to those not already covered in his prior testimony.

On May 20, our Courts issued an Order requiring the parties in our Coordinated Litigation to advise the court in the Northern District of Illinois of our willingness to accept a transfer of Whittemore's motion. On June 4, that court transferred the motion pursuant to Federal Rule of Civil Procedure 45(f), and on June 10, our Courts accepted the transfer as one made pursuant to § 2 of the Master Discovery

2

Protocol ("MDP"). NCUA submitted its opposition to Whittemore's motion on June 11, and Whittemore submitted his reply on June 15.

NCUA has sued RBS in each of our districts in connection with thirty-five RMBS. Whittemore was a Senior Vice President and Chief Underwriter at RBS at the time the securities were sold. Since 2011, he has testified four times over the course of five days in unrelated RMBS litigation and government investigations. RBS has provided the transcripts of those depositions to NCUA pursuant to § 10(d) of the MDP. Most of the thirty-five RMBS at issue in our Coordinated Actions were not at issue in the cases and investigations in which Whittemore was previously deposed.

Whittemore argues first that the deposition would be unnecessarily duplicative, cumulative, and unduly burdensome. Whittemore has not shown that a deposition would impose an undue burden, would be cumulative or that his testimony here would be unnecessary. Nonetheless, to assist Whittemore in preparing for this fifth deposition, we require NCUA to provide him with advance notice of the topics on which it intends to examine him.

Whittemore points out that § 10(d) of the MDP requires that NCUA "endeavor to not subject witnesses to the same questioning for which a transcript was previously provided." As our Order of May 13, 2015 explains, § 10(d) is not a "limitation ordered

3

by the court" for purposes of Federal Rule of Civil Procedure 30(c)(2).

Accordingly, it is hereby

ORDERED that Whittemore's motion to quash is denied.

IT IS FURTHER ORDERED that at least five business days in advance of the deposition NCUA shall provide Whittemore with written notice of the topics upon which it will question him at his deposition.  His motion for a protective order is otherwise denied.

IT IS FURTHER ORDERED that the deposition shall occur prior to July 17, 2015.  Any dispute regard the scheduling of the deposition shall be presented to our Courts by June 18 pursuant to the procedure provided in § 2 of the MDP.

IT IS FURTHER ORDERED that disputes arising during a deposition are governed by our Order of May 8, 2015.  In the event a dispute arises during the deposition that requires immediate court intervention, including a dispute over the extent to which the questions fall outside the scope of the disclosed topics, the parties may call Judge O'Hara or, in his absence, Judge Cote.

Dated: June 16, 2015        /s/ Denise Cote
                            United States District Judge


Dated: June 16, 2015        /s/ George H. Wu
                            United States District Judge


Dated: June 16, 2015        /s/ John W. Lungstrum
                            United States District Judge


Dated: June 16, 2015        /s/ James P. O'Hara
                            United States Magistrate Judge