```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION   :
BOARD, etc.,                           :
                        Plaintiff,     :    13cv6705  (DLC)
               -v-                     :    13cv6719  (DLC)
                                       :    13cv6721  (DLC)
MORGAN STANLEY & CO., et al.,          :    13cv6726  (DLC)
                                       :    13cv6727  (DLC)
                        Defendants.    :    13cv6731  (DLC)
                                       :    13cv6736  (DLC)
And other NCUA Actions.                :
-----------------------------------------X
```

┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:_____                │
│ DATE FILED:   7/10/15                 │
└──────────────────────────────────────┘

```
UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
-----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION   :
BOARD, etc.,                           :
                        Plaintiff,     :    11cv2340  (JWL)
               -v-                     :    11cv2649  (JWL)
                                       :    12cv2591  (JWL)
RBS SECURITIES, INC., f/k/a GREENWICH  :    12cv2631  (JWL)
CAPITAL MARKETS, INC., et al.,         :    12cv2648  (JWL)
                                       :    13cv2418  (JWL)
                        Defendants.    :
                                       :
And other NCUA Actions.                :
-----------------------------------------X
```

```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
-----------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION   :
BOARD, etc.,                           :
                          Plaintiff,   :
              -v-                      :
                                       :    11cv5887 (GW)
RBS SECURITIES, INC., f/k/a GREENWICH  :    11cv6521 (GW)
CAPITAL MARKETS, INC., et al.,         :
                                       :
                         Defendants.   :    ORDER
                                       :
And other NCUA Actions.                :
-----------------------------------X
```

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

With limited exceptions, fact discovery in these actions closes on July 17, 2015.  Through its letter of July 7, Nomura Asset Acceptance Corporation and Nomura Home Equity Loan, Inc. (together, "Nomura") seek an extension of the fact discovery cut-off date to July 31, 2015, for the purpose of obtaining document discovery and a deposition from third-party CoreLogic, Inc. ("CoreLogic"), or for an order compelling CoreLogic to produce documents and to testify at a deposition on or before July 17.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Whether good cause exists depends upon the diligence of the moving party.  See, e.g., Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir.

2

2014); In re W. States Wholesale Natural Gas Antitrust Litig.,
715 F.3d 716, 737 (9th Cir. 2013); Holmes v. Grubman, 568 F.3d
329, 334-35 (2d Cir. 2009).

Through our Order of July 8, we required Nomura to provide
the subpoenas, objections and correspondence related to this
application, required it to confer with CoreLogic in an effort
to resolve the dispute, and permitted CoreLogic to present its
position to our Courts.  Having reviewed the submissions from
Nomura and CoreLogic, we find that Nomura has not shown good
cause to extend the discovery deadline to obtain third-party
discovery from CoreLogic.  The demands, which were contained in
defective subpoenas, were made just one month before the close
of fact discovery, were presented to CoreLogic without prior
coordination, were overly broad, and were burdensome.  CoreLogic
has shown that it cannot comply with those demands by July 17.
Indeed, even though Nomura narrowed its requests, most recently
on July 8, CoreLogic will not be able to produce all of the

documents responsive to the narrowed requests until August.
Accordingly, it is hereby

ORDERED that Nomura's requests to extend the discovery cut-off date or to compel CoreLogic to respond before July 17, 2015 are denied.


Dated: July 10, 2015          /s/ Denise Cote
                                   United States District Judge


Dated: July 10, 2015          /s/ George H. Wu
                                   United States District Judge


Dated: July 10, 2015          /s/ John W. Lungstrum
                                   United States District Judge


Dated: July 10, 2015          /s/ James P. O'Hara
                                   United States Magistrate Judge


4