# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent for U.S. Central Federal Credit Union,<br><br>  Plaintiff,<br><br>v.<br><br>RBS SECURITIES INC., formerly known as Greenwich Capital Markets, Inc., *et al.*,<br><br>  Defendants. | Case No. 11-cv-2340 JWL (JPO) |

### RBS SECURITIES INC.'S NOTICE OF DEPOSITION
### SUBPOENA TO CBCINNOVIS, INC.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure, Defendant RBS Securities Inc. shall take the deposition on oral examination of CBCInnovis, Inc. on the topics described in Exhibit A for the purpose of discovery or as evidence in this action. A true and correct copy of the subpoena to CBCInnovis, Inc. is attached hereto as Exhibit 1.

CBCInnovis, Inc. shall prepare and designate one or more officers, directors, managing agents, or other persons to testify on its behalf about information on these topics that is known or reasonably available to CBCInnovis, Inc., and shall identify the persons who will testify on its behalf on each topic at least seven days before the deposition commences. The deposition shall commence at 10:00 a.m. Central Time, December 29, 2015, at the offices of Vertex, 41 South High Street, Suite 210, Columbus, Ohio 43215, or at such other time and location as agreed upon by the parties. The deposition may be adjourned from day to day until completed, and may occur over several days if more than one person is designated to provide the information

requested. The deposition shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths, and will be recorded by video and stenographic means.

DATED: December 4, 2015

Respectfully Submitted,

By: /s/ *Jeffery A. Jordan* _____
Mikel L. Stout, #05811
mstout@foulston.com
Jeffery A. Jordan, #12574
jjordan@foulston.com
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
Telephone: (316) 267-6371
Facsimile: (316) 267-6345

R. Alexander Pilmer, CA Bar No. 166196
alexander.pilmer@kirkland.com
David I. Horowitz, CA Bar No. 248414
david.horowitz@kirkland.com
Jay L. Bhimani, CA Bar No. 267689
jay.bhimani@kirkland.com
Kristin E. Rose, CA Bar No. 278284
kristin.rose@kirkland.com
Gavin C.P. Campbell, CA Bar No. 286270
gavin.campbell@kirkland.com
Colin J. Michel, CA Bar No. 291184
colin.michel@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
**Admitted *Pro Hac Vice***

Attorneys for Defendants
*RBS Securities Inc.; RBS Acceptance Inc., and Financial Asset Securities Corp.*

# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| National Credit Union Administration Board | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-05887-GW |
| RBS Securities Inc. formerly known as Greenwich Capital Markets, Inc., et al. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: CBCInnovis, Inc.
250 East Broad Street, 21st Floor, Columbus, OH 43215
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A.

| Place: Veritext<br>41 South High Street, Suite 210<br>Columbus, Ohio 43215 | Date and Time:<br>12/29/2015 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic, Audio, Audio-Visual, Real-Time Transcription

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/04/2015

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* RBS Securities Inc. formerly known as Greenwich Capital Markets, Inc._____, who issues or requests this subpoena, are:
Colin Michel, Kirkland & Ellis LLP, 333 South Hope Street, Suite 2900, Los Angeles, CA 90071; colin.michel@kirkland.com; (213) 680-8400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 11-cv-05887-GW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

I.  **MATTERS TO WHICH THE DEPONENT SHALL TESTIFY**

1. Your InFile Credit Reports, including but not limited to the creation of the reports and the source(s) of information included in the reports.

2. The intended and/or proper uses of the information included in the InFile Credit Reports.

3. The accuracy and comprehensiveness of the information included in the InFile Credit Reports.

4. Your access to information included in the InFile Credit Reports, including but not limited to borrower consent for access to personal information.

5. Your ID Cross Check Reports, including but not limited to the creation of the reports and the source(s) of information included in the reports.

6. The intended and/or proper uses of the information included in the ID Cross Check Reports.

7. The accuracy and comprehensiveness of the information included in the ID Cross Check Reports.

8. Your access to information included in the ID Cross Check Reports, including but not limited to borrower consent for access to personal information.

9. All contracts or agreements between You and NCUA, Steven I. Butler, ButlerBank Consulting, and/or Opus Capital Markets, LLC concerning the preparation or provision of InFile Credit Reports, ID Cross Check Reports, or any other report concerning an individual's credit history, identity, employment history, or residence history that you provided in connection with the Actions.

10. Any certification by any of the persons or entities in Topic 9, above, regarding the permissible purpose under the Fair Credit Reporting Act or any comparable state statute for your provision of any InFile Credit Reports or ID Cross Check Reports used in the Actions.

## II. DEFINITIONS

As used herein, the following terms shall have the meanings set forth below.

1. The terms "You" and "Your" means and refers to CBCInnovis, Inc. and any present and former parents, subsidiaries, divisions, related or affiliated organizations, partners, directors, agents, employees, representatives, and attorneys of CBCInnovis, Inc. and any persons acting on CBCInnovis, Inc.'s behalf.

2. The term "InFile Credit Reports" means and refers to reports created by You that are titled "INFILE CREDIT REPORT" and include information, including information provided by TransUnion, concerning an individual's employment information, credit score, public records information, and credit history.

3. The term "ID Cross Check Reports" means and refers to reports created by You that are titled "ID CROSS CHECK" and include sections titled "Applicant", "File Identifications", "Regulatory Messages", "Evaluations", "Summary", "Consumer ID Verification", and "Other Verifications".

4. The term "Actions" means and refers to the cases captioned *National Credit Union Administration Board v. RBS Securities Inc., et al.*, 11-cv-5887 (GW) (C.D. Cal.) and *National Credit Union Administration Board v. RBS Securities Inc., et al.*, 11-cv-2340 (JWL) (D. Kan.).

5. The term "NCUA" means and refers to the National Credit Union Administration Board, including in its corporate capacity and in its capacity as conservator or liquidating agent, and all persons acting or purporting to act on its behalf, individually or collectively.

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015 **RBS SECURITIES INC.'S NOTICE OF DEPOSITION SUBPOENA TO CBCINNOVIS, INC.** was served via electronic mail to the following attorneys of record:

**COUNSEL FOR PLAINTIFF:**
*National Credit Union Administration Board*

Norman E. Siegel
Rachel E. Schwartz
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

David C. Frederick
Mark C. Hansen
Wan J. Kim
Scott K. Attaway
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
dfrederick@khhte.com
mhansen@khhte.com
wkim@khhte.com
sattaway@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
gzelcs@koreintillery.com

Stephen M. Tillery
Michael E. Klenov
Steven M. Berezney
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St Louis, MO 63101-1625
stillery@koreintillery.com
mklenov@koreintillery.com
sberezney@koreintillery.com

Greg G. Gutzler
Tamara M. Spicer
ELIAS GUTZLER SPICER LLC
1924 Chouteau Ave., Suite W
St. Louis, MO 63103
ggutzler@egslitigation.com
tspicer@egslitigation.com

**COUNSEL FOR DEFENDANT:**
*Nomura Home Equity Loan, Inc.*

| | |
|---|---|
| Barbara S. Steiner<br>Matthew J. Thomas<br>Casey T. Grabenstein<br>Jonathan A. Zajac<br>Emily K. McWilliams<br>JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL 60654-3456<br>bsteiner@jenner.com<br>mthomas@jenner.com<br>cgrabenstein@jenner.com<br>jzajac@jenner.com<br>emcwilliams@jenner.com | Faiza Alhambra<br>Martin Loring<br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>faiza.alhambra@huschblackwell.com<br>martin.loring@huschblackwell.com |

**COUNSEL FOR DEFENDANT:**
*Novastar Mortgage Funding Corp.*

| | |
|---|---|
| Faiza Alhambra<br>Martin Loring<br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>faiza.alhambra@huschblackwell.com<br>martin.loring@huschblackwell.com | William F. Alderman<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>walderman@orrick.com |

Jacob D. Albertson
James Grohsgal
Steven J. Fink
Orrick, Herrington & Sutcliffe LLP - NY
51 West 52nd Street
New York, NY 10019-6142
jalbertson@orrick.com
jgrohsgal@orrick.com
sfink@orrick.com

Executed December 4, 2015 in Wichita, Kansas.

/s/ Jeffery A. Jordan
Jeffery A. Jordan, #12574
jjordan@foulston.com
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
Telephone: (316) 267-6371
Facsimile: (316) 267-6245

Attorney for Defendants *RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.), RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.), and Financial Asset Securities Corp.*