**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Western Corporate Federal Credit Union,<br><br>                    Plaintiff,<br><br>  v.<br><br>RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., et al.,<br><br>                    Defendants. | Case Nos. 11-cv-2340-JWL-JPO |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union et al.,<br><br>                    Plaintiff,<br><br>  v.<br><br>UBS SECURITIES, LLC, et al.<br><br>                    Defendants,<br><br>and<br><br>RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., et al.,<br><br>                      Defendants-<br>                    Intervenors. | Case No. 12-cv-2591-JWL-JPO |

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union et al.,<br><br>     Plaintiff,<br><br> v.<br><br>CREDIT SUISSE SECURITIES (USA), LLC, et al.<br><br>     Defendants.<br>and<br><br>RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., et al.,<br><br>     Defendants-Intervenors. | Case No. 12-cv-2648-JWL-JPO |

**CONTRIBUTION BAR ORDER**

  WHEREAS, the Court has been informed that the National Credit Union Administration Board as Liquidating Agent ("NCUA") of U.S. Central Federal Credit Union ("U.S. Central") and Western Corporate Federal Credit Union ("WesCorp" and the NCUA Board as liquidating agent for each of U.S. Central and WesCorp, the "Plaintiff(s)"), and RBS Securities Inc., f/k/a Greenwich Capital Markets, Inc., Financial Asset Securities Corp., and RBS Acceptance Inc., f/k/a Greenwich Capital Acceptance, Inc. (collectively "RBS" and together with Plaintiffs, the "Settling Parties") have reached a settlement and entered into a Settlement Agreement in connection with *National Credit Union Administration Board v. RBS Securities Inc.*, No. 11-cv-2340 (JWL/JPO) (the "*RBS Kansas* Action") and *National Credit Union Administration Board v. RBS Securities*, *Inc.,* 11 civ 5887 GW(JEMx) (the "*RBS California* Action" and, together with the *RBS Kansas* Action, the "Settled Actions");

WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS Securities Inc. arising from U.S. Central's purchase of SAST 2006-3 A4 (CUSIP 80556AAD9) and NHELI 2007-1 1A4 (CUSIP 65537KAY6);

WHEREAS, the *RBS California* Action asserted, among others, claims against RBS Securities Inc. arising from WesCorp's purchase of NAA 2006-AR4 A1B (CUSIP 65538DAB1), NHELI 2007-1 2A1A (Cusip 65537KAB6), and NHELI 2007-1 2A1B (CUSIP 65537KAC4);

WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS Securities Inc. arising from U.S. Central's purchase of NHEL 2006-5 A2D (CUSIP 66988YAE2);

WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS Securities Inc. arising from U.S. Central's purchase of NHEL 2006-5 M1 (CUSIP 66988YAF9);

WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS Securities Inc. arising from U.S. Central's purchase of NHEL 2006-5 M2 (CUSIP 66988YAG7) (collectively with SAST 2006-3 A4, NHELI 2007-1 1A4, NAA 2006-AR4 A1B, NHELI 2007-1 2A1A, NHELI 2007-1 2A1B, NHEL 2006-5 A2D, and NHEL 2006-5 M1, the "Overlapping Securities");

WHEREAS, *National Credit Union Administration Board v. Credit Suisse Securities (USA) LLC* , 12-cv-02648-JWL-JPO (D. Kan.), also involves claims against Credit Suisse Securities (USA), LLC arising from U.S. Central's purchase of SAST 2006-3 A4 (CUSIP 80556AAD9);

WHEREAS, *National Credit National Credit Union Administration Board v. UBS Securities, LLC* , 11-cv-02591-JWL-JPO (D. Kan.) (collectively with *National Credit National Credit Union Administration Board v. Credit Suisse Securities (USA) LLC* , 12-cv-02648-JWL-

3

JPO (D. Kan.), the "Other Actions"), also involves claims against UBS Securities, LLC arising from WesCorp's purchase of NAA 2006-AR4 A1B (CUSIP 65538DAB1).

WHEREAS, the *RBS California* Action also involves claims against Nomura Asset Acceptance Corp. arising from WesCorp's purchase of NAA 2006-AR4 A1B (CUSIP 65538DAB1);

WHEREAS, the *RBS California* Action also involves claims against Nomura Home Equity Loan, Inc. arising from WesCorp's purchase of NHELI 2007-1 2A1A (CUSIP 65537KAB6) and NHELI 2007-1 2A1B (CUSIP 65537KAC4);

WHEREAS, the *RBS Kansas* Action also involves claims against Nomura Home Equity Loan, Inc. arising from U.S. Central's purchase of NHELI 2007-1 1A4 (CUSIP 65537KAY6);

WHEREAS, the *RBS Kansas* Action also involves claims against NovaStar Mortgage Funding Corp. arising from U.S. Central's purchase of NHEL 2006-5 A2D (CUSIP 66988YAE2);

WHEREAS, the *RBS Kansas* Action also involves claims against NovaStar Mortgage Funding Corp. arising from U.S. Central's purchase of NHEL 2006-5 M1 (CUSIP 66988YAF9);

WHEREAS, the *RBS Kansas* Action also involves claims against NovaStar Mortgage Funding Corp. arising from U.S. Central's purchase of NHEL 2006-5 M2 (CUSIP 66988YAG7);

WHEREAS, in the Settled Actions, the Settling Parties will either stipulate to voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) or else move for entry of orders of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) dismissing all claims therein as against RBS with prejudice;

WHEREAS, the Settling Parties have also moved the Court for an order barring claims by the non-settling defendants and any other alleged joint tortfeasors for contribution or indemnity arising from the Overlapping Securities; and

WHEREAS, for good cause shown, and upon due consideration of the Settling Parties' motion for entry of this Bar Order;

IT IS ORDERED that (a) Credit Suisse Securities (USA), LLC, UBS Securities, LLC, Nomura Asset Acceptance Corp., Nomura Home Equity Loan, Inc., NovaStar Mortgage Funding Corp., (b) any other person or entity later named as a defendant in the Settled Actions or Other Actions, and (c) any other person or entity that becomes liable to Plaintiffs, to any current non-settling defendant in the Settled Actions or Other Actions, or to any other alleged tortfeasor, by reason of judgment or settlement, for any claims that are or could have been asserted in the Settled Actions or Other Actions relating to the Overlapping Securities (collectively, the "Non-Settling Defendants"), are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against RBS, its present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to RBS by any insurer), and agents of each of them, and the predecessors, heirs, successors and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants that arise out of or relate to the Overlapping Securities, whether arising under state,

5

federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Other Actions, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

IT IS FURTHER ORDERED that RBS is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against any of the Non-Settling Defendants that seeks to recover any part of the settlement payment to be made by RBS to Plaintiffs in connection with the settlement of the Settled Actions, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

IT IS FURTHER ORDERED that the Plaintiffs shall provide any Non-Settling Defendant against which they obtain a judgment on claims related to the Overlapping Securities a judgment credit in an amount that is the greater of (a) the amount of the Plaintiff's settlement with RBS in the Settled Actions allocated to the Overlapping Securities, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit D (the "Confidential Schedule"), or (b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of RBS's fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed to any person other than to a court of competent jurisdiction and necessary court personnel, except that (a) NCUA or RBS shall disclose the Confidential Schedule upon order of a court of competent jurisdiction upon a showing of good cause, and (b) at the time a pretrial order is issued in any action in which NCUA asserts claims based on the Overlapping Securities (or, if such a pretrial

order has been entered before the entry of this Order, promptly after this Order is entered), NCUA shall disclose the information in the Confidential Schedule pertaining to the Overlapping Securities to any Non-Settling Defendant against which NCUA asserts such claims.

Dated: October 26, 2016

s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge